# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | )  |           |
|---------------|----|-----------|
|               | )  | CR 7-25   |
| v.            | )  | CV 16-44  |
| CHARLES YEAGER |   |           |

**MEMORANDUM ORDER**

On July 21, 2008, Defendant was convicted of one count of violating 18 U.S.C. § 922(g). Subsequently, in December 2008, Defendant was sentenced to a term of imprisonment of 216 months, followed by a term of supervised release. The sentence rested, in part, on Defendant's career offender status under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924. Before the Court is Defendant's Motion pursuant to 28 U.S.C. § 2255.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

At a December 11, 2008 sentencing hearing, Judge McLaughlin sentenced Defendant as a career offender based on three predicate convictions, including one for terroristic threats. On February 19, 2016, Defendant filed a Section 2255 Motion, contending, inter alia, that the

terroristic threats conviction could only have qualified as a violent felony under ACCA's residual clause, and thus is no longer valid pursuant to Johnson v. United States, __ U.S.__, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). Following Defendant's Motion, before being transferred to my docket, the matter was assigned to Judge Cercone, who established a two-phased briefing schedule. Phase I would address the predicate offenses actually relied on at sentencing supported a constitutionally valid sentence, and Phase II would, if necessary, address the resentencing process. In response, the Government correctly concedes that Defendant's conviction for terroristic threats no longer qualifies as a predicate conviction under ACCA. Accordingly, Defendant's Motion is granted, and his sentence vacated. The Clerk of Courts is directed to transfer this matter, along with the corresponding criminal matter at CR 7-25, to Judge Cercone for further proceedings in accordance with his June 1, 2016 Order.

AND NOW, this 10th day of June, 2016, IT IS SO ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court